Case 8:25-cr-00103-CEH-T_W   Document 78   Filed 07/09/26   Page 1 of 8 PageID 432
Case 8:25-cr-00103-CEH-TGW   Document 64   Filed 03/20/26   Page 1 of 8 PageID 266

Page 1 of 8

Benjamin Rubin
8:25-cr-103-CEH-TGW

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.

BENJAMIN RUBIN

Case Number: 8:25-cr-103-CEH-TGW

USM Number: 63541-511

Ryan J. Maguire, AFPD

### JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Counts One and Three of the Indictment. Defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 18 U.S.C. § 875(c) | Interstate Communication of Threat to Injure | February 20, 2025 | One |
| 18 U.S.C. § 875(c) | Interstate Communication of Threat to Injure | February 22, 2025 | Three |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

In accordance with the plea agreement and on motion of the United States, Counts Two and Four of the Indictment are dismissed.

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Judgment: March 20, 2026

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: _____
DEPUTY CLERK

CHARLENE EDWARDS HONEYWELL
UNITED STATES DISTRICT JUDGE

March _20_, 2026

Case 8:25-cr-00103-CEH-T_W    Document 78    Filed 07/09/26    Page 2 of 8 PageID 433
Case 8:25-cr-00103-CEH-TGW    Document 64    Filed 03/20/26    Page 2 of 8 PageID 267

Page 2 of 8

**Benjamin Rubin**
**8:25-cr-103-CEH-TGW**

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWELVE (12) MONTHS AND ONE (1) DAY.** This term consists of a 12-month and 1-day term as to Count One and a 12-month and 1-day term as to Count Three, both terms to run concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

- Defendant be incarcerated at the closest correctional facility with the appropriate security level to Coleman FCI.
- Defendant be evaluated and receive treatment for any medical conditions he has, as set forth in the Amended Presentence Investigation Report.

Defendant may voluntarily surrender to commence his sentence by reporting to this courthouse and surrendering himself to the United States Marshal's Office by 2:00 PM on April 24, 2026.

Defendant is ordered to immediately proceed to the Office of the United States Marshal for processing and further instructions.

Case 8:25-cr-00103-CEH-T_W   Document 78   Filed 07/09/26   Page 3 of 8 PageID 434
Case 8:25-cr-00103-CEH-TGW   Document 64   Filed 03/20/26   Page 3 of 8 PageID 268

Page 3 of 8

Benjamin Rubin
8:25-cr-103-CEH-TGW

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this

judgment.

Defendent delivered on _05-22-2026_

to FIC Jesup, GA for service of federal

sentence.

_H.L. Ray_ _____ _Tmiller_
for Warden, FCI Jesup

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

Case 8:25-cr-00103-CEH-T_W    Document 78    Filed 07/09/26    Page 4 of 8 PageID 435
Case 8:25-cr-00103-CEH-TGW    Document 64    Filed 03/20/26    Page 4 of 8 PageID 269

Page **4** of **8**

**Benjamin Rubin**
**8:25-cr-103-CEH-TGW**

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant will be on supervised release for a term of **THREE (3) YEARS**. This term consists of a 3-year term as to Count One and a 3-year term as to Count Three, both terms to run concurrently.

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state, or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, you must submit to random drug testing not to exceed 104 tests per year.
4. Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the attached page).

Defendant shall also comply with the additional conditions on the attached page.

Case 8:25-cr-00103-CEH-T_W    Document 78    Filed 07/09/26    Page 5 of 8 PageID 436
Case 8:25-cr-00103-CEH-TGW    Document 64    Filed 03/20/26    Page 5 of 8 PageID 270

Page 5 of 8

Benjamin Rubin
8:25-cr-103-CEH-TGW

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame.

2.  After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.

3.  Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.

4.  Defendant shall answer truthfully the questions asked by your Probation Officer

5.  Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

6.  Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7.  Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

8.  Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.

9.  If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within **72 hours.**

10. Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

Case 8:25-cr-00103-CEH-T_W   Document 78   Filed 07/09/26   Page 6 of 8 PageID 437
Case 8:25-cr-00103-CEH-TGW   Document 64   Filed 03/20/26   Page 6 of 8 PageID 271

Page **6** of **8**

**Benjamin Rubin**
**8:25-cr-103-CEH-TGW**

11. Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.

13. Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.


## U.S. Probation Office Use Only

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature:_____          Date:_____

Page **7** of **8**

Benjamin Rubin
8:25-cr-103-CEH-TGW

## SPECIAL CONDITIONS OF SUPERVISION

1.  Defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon the completion of this program, Defendant is directed to submit to random drug testing.

2.  Defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3.  Defendant shall have no contact, direct or indirect, with the victims identified in Counts One and Three in this case.

4.  Defendant shall submit to a search of his person, residence, place of business, any storage units under Defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

5.  Having been convicted of a qualifying felony, Defendant must cooperate in the collection of DNA, as directed by the Probation Officer.

6.  Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter as directed by the probation officer. Defendant must submit to random drug testing not to exceed 104 tests per year.

Case 8:25-cr-00103-CEH-T_W    Document 78    Filed 07/09/26    Page 8 of 8 PageID 439
Case 8:25-cr-00103-CEH-TGW    Document 64    Filed 03/20/26    Page 8 of 8 PageID 273

Page 8 of 8

Benjamin Rubin
8:25-cr-103-CEH-TGW

## CRIMINAL MONETARY PENALTIES

Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Assessment | Restitution | Fine | AVAA Assessment[*] | JVTA Assessment[**] |
|---|---|---|---|---|
| $200.00 Due Immediately | N/A | WAIVED | N/A | N/A |

## SCHEDULE OF PAYMENTS

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment shall be paid in full and is due immediately.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

---

[*]Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[**]Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
[***]Findings for the total amount of losses, are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.